**Edward Kutsenkow, Plaintiff-Appellant, v. Chicago and North Western Railway Company, Defendant-Appellee.**

**Gen. No. 52,696.**

First District, First Division.

September 16, 1968.

O'Brien, Hanrahan, Wolfe & Been, of Chicago (Ernest L. Wojcik, of counsel), for appellant.

James P. Daley and John C. Boylan, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

Plaintiff, Edward Kutsenkow, brought an action for damages against defendant, Chicago & North Western Railway Company, for damages sustained by his refrigerator trailer when he attempted to drive the vehicle under defendant's viaduct. At the close of plaintiff's case, the Court sustained defendant's motion for a directed verdict and plaintiff appeals from the judgment entered on said verdict.

The plaintiff testified that on August 18, 1960, during the early morning hours, he was driving his truck (which was twelve feet six inches in height) in a northerly direction on Kimball Avenue enroute to a destination where he was to deliver the sixteen tons of paper he was carrying. It was still dark outside. The streets were wet. The weather was foggy. Traffic was very heavy. Kutsenkow had a helper sitting in the tractor's cab along with him. Before he came to the viaduct where the accident occurred, plaintiff passed under two other viaducts. Plaintiff stopped his truck before entering the first of these ". . . because it looked pretty low." After "checking out" the viaduct, plaintiff and his helper saw that they had a little clearance so they proceeded on their way under the viaduct. When plaintiff came to the second viaduct he again brought his vehicle to a complete stop because the viaduct didn't have any markings to show what the clearance was. He and his helper examined the viaduct and determined that it afforded adequate clearance, so they proceeded on their way under it. Shortly thereafter, Kutsenkow approached defendant's

viaduct. This viaduct was twelve feet, four inches in height, and it did not have any markings to indicate the amount of clearance it afforded. Plaintiff proceeded towards the viaduct in question at a slow rate of speed: "Well, I looked there and it appeared like it was just about as high as the other two viaducts and I wasn't going too fast at that particular time; before I could apply my brakes to stop the thing and with all the traffic that was around, we had come under the viaduct and the damage occurred to the top of the trailer." On cross-examination the plaintiff testified that one of the reasons he slowed down before entering the viaduct of the defendant was that he ". . . kind of got doubtful about the viaduct."

Plaintiff contends, on appeal, that the trial judge erred in directing a verdict for defendant in that the question of his contributory negligence ". . . was preeminently a question of fact for the jury." Secondly, he contends that the Court erred ". . . in excluding any evidence as to other accidents of a similar character to show notice to the defendant of a dangerous and unsafe condition."

■ As to the plaintiff's first point, we believe that the opinion of this Court in Carr v. Chicago & N. W. Ry. Co., 333 Ill App 567, 77 NE2d 857, is dispositive of the issues raised thereby. In Carr, plaintiff's employee attempted to drive plaintiff's truck under defendant's unmarked viaduct without stopping first to determine whether the viaduct afforded adequate vertical clearance. As it turned out, the truck was several inches higher than the viaduct and collided with it. Plaintiff brought an action against defendant for the damages sustained by the truck alleging that the defendant, in the exercise of reasonable care, should have elevated the viaduct or posted signs. This Court, in affirming a directed verdict for defendant, stated that the judgment of the trial court could be supported either by plaintiff's lack of due care or by an absence of duty owed by defendant to plaintiff.

The Court held that as a matter of law the defendant had not been negligent in failing to post signs designating the clearance under the viaduct, stating, at page 572: "Generally, a railroad is not liable where the overhead structure has been placed under due authority, been constructed with reasonable skill and maintained in good repair."

It is undisputed that plaintiff attempted to drive his truck under defendant's viaduct (which he was "kind of doubtful about") without first stopping his vehicle, as he had done on two previous occasions, to see whether there was adequate clearance. Furthermore, plaintiff failed to introduce evidence to the effect that the defendant did not have proper authority to construct the viaduct or, that there was any statute then in effect requiring the defendant to post clearance signs, or that the viaduct in question had not been constructed with reasonable skill and maintained in good repair. Therefore, in viewing the evidence in its aspect most favorable to the plaintiff, we agree with the trial court that it so overwhelmingly favors the defendant that no contrary verdict based on the evidence could ever stand. The trial judge correctly directed a verdict in favor of the defendant. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504.

It is next contended by plaintiff that the trial court erred in excluding evidence to the effect that another vehicle approximately the same height as plaintiff's truck had struck defendant's viaduct within a year previous to the incident in question. Plaintiff made an offer of proof that the defendant had a claim filed in regard to this prior accident, containing an investigation report. The offer of proof was denied. Plaintiff argues that the excluded evidence was admissible to show that the defendant knew of the unsafe condition created by the failure to post clearance signs on its viaduct. Plaintiff contends further that "it is a well settled principle of

268

common law that any person or corporation that cuts through or crosses over a highway for the benefit of such person or corporation, must furnish the public a proper safe crossing."

As we have already pointed out in our discussion of the Carr decision the defendant in the instant case was under no duty to vehicles passing under its viaduct to post signs designating the clearance the viaduct afforded. Therefore, any notice the defendant may have had about a supposed dangerous condition created by its failure to post signs was irrelevant to a determination of defendant's negligence. Furthermore, plaintiff's offer of proof did not tend to show that the previous accident had in any way been caused by defendant's failure to maintain its viaduct in a good state of repair. We hold that the trial court correctly denied the offer of proof. In addition, we point out that while we agree with plaintiff's contention that a railroad must exercise reasonable care to provide safe crossings at highways in existence, and that a crossing includes a viaduct, we cannot agree that this duty extends to the maintenance of the public roadway beneath the viaduct. People v. Illinois Cent. R. Co., 235 Ill 374, 380, 85 NE 606.

For the reasons given the judgment is affirmed.

Affirmed.

ADESKO and MURPHY, JJ., concur.