ROBERT HERMANN, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

(No. 57039;

First District (4th Division)—December 26, 1973.

Louis L. Silverman, of Chicago (Harry B. Aron, of counsel), for appellant.

Richard L. Curry, Corporation Counsel, of Chicago (William R. Quinlan, Harvey N. Levin, and Teddy S. Gron, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Robert Hermann, a truck driver, sued the City of Chicago for injuries resulting from a collision with a viaduct on lower Lake Street. At the close of plaintiff's case, the court granted the motion of the City of Chicago for a directed verdict and entered judgment for the defendant and against the plaintiff. Plaintiff appeals, asking that the judgment be reversed and a new trial granted.

The issues presented for review are:

1. Whether the court erred in directing a verdict at the close of the plaintiff's case.

2. Whether a municipality has a duty to post height clearance signs on viaducts.

3. Whether the plaintiff was guilty of contributory negligence.

4. Whether there was sufficient evidence to show inadequate lighting.

5. Whether negligence can be shown by prior accidents.

6. Whether a reasonable man would be misled by signs on another street.

On November 8, 1967 plaintiff, Robert Hermann, was employed as a truck driver delivering freight. One of his deliveries was in the area known as lower Wacker Drive. Plaintiff's truck was about 24' long and 10' 6" and 11' high. He was an experienced truck driver but had neither driven that truck before, nor driven on lower Lake Street. Plaintiff drove his truck south on Beaubien Court. On either side of Beaubien Court where it intersects with Lake Street there are steel pillars which support the overhead structure. On the pillar supporting the left-hand side there was posted a clearance sign with a height 14' 11"; on the right girder there was posted a clearance sign with the height 13' 7". Plaintiff stopped his truck, read both signs, made a right turn and continued westbound; the left side was blocked. Lower Lake Street at that location is only a quarter block long. The east end of the street ends at the east line of Beaubien Court and is blocked by a dock. The west end of Lake Street ends at lower Michigan Avenue and is blocked by a concrete wall. The upper level of Lake Street over the subject area is supported by four horizontal steel beams and slopes downward 3½ feet over the quarter block distance. The beams extend north and south over lower Lake Street and rest on pillars on the side of the street. The first beam is 7' 6" from the corner where plaintiff turned into lower Lake Street and has a clearance of 13' 10". The second beam is 33' west of the first beam and has a clearance of 11' 11¾". The third beam is 10' 9" above the pavement. It is located 34' west of the second beam and is 5' 6" from the corner of lower Michigan Avenue. The last beam is located in the middle of lower Michigan Avenue and is 10' 4½" above the pavement.

After plaintiff turned right on to lower Lake Street, he passed under the first beam at a speed of 5 to 10 m.p.h. He had his headlights on and there was illumination by fluorescent lights. He stated that he was able to see the beams clearly and that there were no signs on any of the overhead beams. He passed the second beam without incident, maintaining the same speed as he continued down the street. As he was about to turn right on to lower Michigan Avenue, his truck struck the third beam at a speed of 5 to 10 m.p.h. and he sustained severe injuries. He sued the City of Chicago claiming that the city negligently failed to place lights and warning devices or low clearance signs on the overhead beams.

The court below, after reviewing the evidence in its aspect most favorable to the plaintiff, found that the evidence so overwhelmingly favored the defendant that no contrary finding based upon the evidence could ever stand and directed its verdict for the defendant and entered its judgment order thereon.

This court has passed upon the issues raised in this case in several recent cases.

In the case of *Kutsenkow v. Chicago & N.W. Ry. Co.* (1968), 99 Ill.App.2d 265, 240 N.E.2d 805, the plaintiff, Edward Kutsenkow, brought an action against defendant, Chicago & North Western Railway Company, for damages sustained by his refrigerator trailer when he attempted to drive the vehicle under defendant's viaduct. At the close of the plaintiff's case, the court sustained defendant's motion for a directed verdict and plaintiff appealed from the judgment entered on said verdict. The evidence showed that plaintiff "checked out" two viaducts "because they looked pretty low." Although he and his helper were doubtful, they entered the third viaduct where the damage occurred. Plaintiff contended on appeal that the court erred in directing a verdict for defendant because the question of contributory negligence was preeminently one of fact for the jury and secondly, that the court erred in excluding the evidence of other accidents of a similar character to show notice to the defendant of a dangerous and unsafe condition.

In the *Kutsenkow* case the court stated at page 267:

"As to the plaintiff's first point, we believe that the opinion of this Court in Carr v. Chicago & N. W. Ry. Co., 333 Ill App 567, 77 NE2d 857, is dispositive of the issues raised thereby. In Carr, plaintiff's employee attempted to drive plaintiff's truck under defendant's unmarked viaduct without stopping first to determine whether the viaduct afforded adequate vertical clearance. As it turned out, the truck was several inches higher than the viaduct and collided with it. Plaintiff brought an action against defendant

for the damages sustained by the truck alleging that the defendant, in the exercise of reasonable care, should have elevated the viaduct or posted signs. This Court, in affirming a directed verdict for defendant, stated that the judgment of the trial court could be supported either by plaintiff's lack of due care or by an absence of duty owed by defendant to plaintiff. The Court held that as a matter of law the defendant had not been negligent in failing to post signs designating the clearance under the viaduct, stating, at page 572: 'Generally, a railroad is not liable where the overhead structure has been placed under due authority, been constructed with reasonable skill and maintained in good repair.'

\* \* \*

Furthermore, plaintiff failed to introduce evidence to the effect that the defendant did not have proper authority to construct the viaduct or, that there was any statute then in effect requiring the defendant to post clearance signs, or that the viaduct in question had not been constructed with reasonable skill and maintained in good repair. Therefore, in viewing the evidence in its aspect most favorable to the plaintiff, we agree with the trial court that it so overwhelmingly favors the defendant that no contrary verdict based on the evidence could ever stand. The trial judge correctly directed a verdict in favor of the defendant. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504.

It is next contended by plaintiff that the trial court erred in excluding evidence to the effect that another vehicle approximately the same height as plaintiff's truck had struck defendant's viaduct within a year previous to the incident in question. Plaintiff made an offer of proof that the defendant had a claim filed in regard to this prior accident, containing an investigation report. The offer of proof was denied. Plaintiff argues that the excluded evidence was admissible to show that the defendant knew of the unsafe condition created by the failure to post clearance signs on its viaduct. Plaintiff contends further that 'it is a well settled principle of common law that any person or corporation that cuts through or crosses over a highway for the benefit of such person or corporation, must furnish the public a proper safe crossing.'

As we have already pointed out in our discussion of the Carr decision the defendant in the instant case was under no duty to vehicles passing under its viaduct to post signs designating the clearance the viaduct afforded. Therefore, any notice the defendant may have had about a supposed dangerous condition created by its failure to post signs was irrelevant to a determination of

defendant's negligence. Furthermore, plaintiff's offer of proof did not tend to show that the previous accident had in any way been caused by defendant's failure to maintain its viaduct in a good state of repair. We hold that the trial court correctly denied the offer of proof. In addition, we point out that while we agree with plaintiff's contention that a railroad must exercise reasonable care to provide safe crossings at highways in existence, and that a crossing includes a viaduct, we cannot agree that this duty extends to the maintenance of the public roadway beneath the viaduct. People v. Illinois Cent. R. Co., 235 Ill 374, 380, 85 NE 606. For the reasons given the judgment is affirmed." ·

The Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1967, ch. 85, § 3—104)—"Failure to provide traffic signals and signs"—provides:

"(a) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to initially provide regulatory traffic control devices, stop signs, yield right-of-way signs, speed restriction signs, distinctive roadway markings or any other traffic regulating signs.

(b) Neither a local public entity nor a public employee is liable under this Act for an injury caused by the failure to provide traffic warning signals, signs, markings or other devices unless such a signal, sign, marking or device was necessary to warn of a condition which endangered the safe movement of traffic, and which would not be reasonably apparent to or anticipated by a person in the exercise of due care."

There is no liability for an injury resulting from a collision with a barrier, marker or traffic signal lawfully fixed and maintained and plainly visible to one using ordinary care. 25 Am. Jur. *Highways* § 482, at 770, 771.

■■ It is a well settled rule of law that in order for a plaintiff to sustain a claim for damages on the ground of negligence, he must first prove that a duty existed to protect the plaintiff from the hazard that caused the injury. *Overstreet v. Illinois Power & Light Corp.* (1934), 356 Ill. 378, 190 N.E. 676; *Kirby v. General Paving Co.* (1967), 86 Ill.App.2d 453, 229 N.E.2d 777; *Elliott v. City of Chicago* (1949), 339 Ill.App. 273, 89 N.E.2d 738; *Fricke v. St. Louis Bridge Co.* (1941), 309 Ill.App. 279, 32 N.E.2d 1016.

There are several cases in Illinois that indicate that in situations similar to the one in the case at bar, there was sufficient lighting. (*Elliott v. City of Chicago, supra; Fricke v. St. Louis Bridge Co. supra;* and *Kirby v. General Paving Co. supra.*) Where the obstruction is plainly visible,

if plaintiff had looked and checked carefully before proceeding, he could have avoided the injury. See *Summit Township Road District v. Hayes Freight Lines, Inc.*, (1963), 44 Ill.App.2d 274, 194 N.E.2d 682.

■■ Where the plaintiff is guilty of contributory negligence and failed to exercise due care and caution for his own safety, there is no liability on the part of the defendant. *Grubb v. Illinois Terminal Co.* (1937), 366 Ill. 330, 8 N.E.2d 934; *Provenzano v. Illinois Central R.R. Co.* (1934), 357 Ill. 192, 191 N.E. 287; *Dee v. City of Peru* (1931), 343 Ill. 36, 174 N.E. 901; *Greenwald v. Baltimore & Ohio R.R. Co.* (1928), 332 Ill. 627, 164 N.E. 142.

■■ In the case of *Johnston v. City of East Moline* (1950), 405 Ill. 460, 91 N.E.2d 401, cited by the plaintiff traffic lights had been provided at a busy intersection. One was knocked down in an auto accident and never replaced. The Supreme Court of Illinois recognized that the city had no duty to provide traffic control devices, but once it did, it had the duty to keep them in operating condition.

■■ In the case at bar, the city never undertook to provide height clearance signs on lower Lake Street and lower Michigan Avenue, and thus it had no continuing duty to do so. Not only is there no duty to post signs, but the city is immune from suit for failure to post traffic control devices under the Governmental Tort Immunity Act.

Since the evidence, in its aspect most favorable to the plaintiff, so overwhelmingly favored the defendant that no contrary finding based upon the evidence could ever stand, the court below did not err in directing its verdict for the defendant and entering its judgment order thereon.

The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.