PHYLLIS BEST, Adm'x of the Estates of and Mother of Joseph F. McGill *et al.*, Deceased, Minors, Plaintiff-Appellant, *v.* KENT L. RICHERT, a Minor, by Naomi Pauley, his Mother and Next Friend, *et al.*, Defendants-Appellees.

Second District    No. 78-167

Opinion filed April 25, 1979.—Rehearing denied June 14, 1979.

Montcastle & DaRosa, and Lloyd Dyer, Jr., both of Wheaton, for appellant.

Lenard C. Swanson and Ruth E. Van Demark, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff-administratrix, Phyllis Best, brought this suit against defendants, Kent L. Richert, Naomi and Charles Pauley, John and Anita

Rhode, and the Village of Roselle (Village), for damages in connection with the deaths of her sons, Thomas and Joseph McGill, resulting from an automobile collision on January 17, 1977. The trial court granted the motion of the Village for summary judgment. Thereafter, plaintiff was allowed to file an amended complaint which was then dismissed on the same grounds as the motion for summary judgment; the trial court found no just reason to delay the appeal. Plaintiff now brings this appeal in which the Village is the only defendant-appellee, and the sole issue raised is whether the trial court erred in granting the Village's motion for summary judgment.

■■ ■ Walnut Street was an east-west, two-lane street that intersected Spring Street, a north-south street, in a residential area of the Village of Roselle. There was a sidewalk on the north side of Walnut Street which terminated approximately 125 feet east of Spring Street; however, it continued on the south side of Walnut Street to Spring Street. Joseph, age 16, and Thomas, age 12, were walking west on the sidewalk on the north side of Walnut Street on January 17, 1977; at 7:49 p.m. they reached the point where the sidewalk ended; they went into the street and continued west on the north side of Walnut Street, where they were struck from the rear by a car driven by defendant Richert, as he proceeded west on Walnut Street. Thomas was killed instantly; Joseph died of his injuries 10 days later.

> "A motion for summary judgment is proper where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, show that there is no genuine issue as to any material fact. [Citations.] Yet the reviewing court will reverse an order granting summary judgment if it determines that a material question of fact does exist [citation] because summary judgment is inappropriate under such circumstances [citation]. The right of the moving party must be clear and free from doubt. [Citations.] In making its determination, a court must construe the pleadings strictly against the moving party and liberally in favor of the opponent [citations]; and if the facts admit of more than one conclusion or inference, including one unfavorable to the moving party, the motion for summary judgment should be denied [citations]." *Presto Manufacturing Co. v. Formetal Engineering Co.* (1977), 46 Ill. App. 3d 7, 10, 360 N.E.2d 510, 511.

Plaintiff alleged that the sidewalk along Walnut Street was designed so that for the first half of the block it proceeded on the north side of the street; it then abruptly ended and continued for the rest of the block on the south side of the street; that there was no crosswalk or lighted or controlled passageway across Walnut Street from the point where the sidewalk ended on the one side of the street and began on the other; that

at the point where the sidewalk ended on the north side of the street the ground was overgrown with trees and shrubs, making passage impossible so that pedestrians were required to detour onto the street; that thus, by designing and allowing Walnut Street to remain as described, the Village created a condition that was not reasonably safe.

Plaintiff contends first that she alleged facts sufficient to raise a jury question on the issue of negligence in the design of Walnut Street. Plaintiff concedes that the Village has no duty to install sidewalks; however, she bases her allegations of negligence on section 3—103(a) of the Tort Immunity Act which provides that while a public entity is not liable for an injury caused by the adoption of a plan or design of an improvement, there is liability where it appears from its use that a condition that is not reasonably safe has been created. Ill. Rev. Stat. 1975, ch. 85, par. 3—103(a).

■ Section 18—9(a) of the Village of Roselle Ordinances (adopted 1967) provides, in pertinent part, as follows:

"(a) Sidewalks shall be constructed along the public streets at the owner's expense for each building hereafter erected within the Village, provided, however, in the event sidewalks have not been constructed to either of the side lot lines of a single lot on which such a building is being erected, then in that event the construction of such sidewalks shall be delayed until such time as a sidewalk is constructed to either side lot lines of said lot. Such sidewalks shall extend for the full frontage of all lots along the street and shall be erected in accordance with other ordinances of the Village."

It appears clear that under the provisions of the ordinance quoted from above that the individual property owners and not the Village were required to construct the sidewalks on Walnut Street.

We find no evidence that the Village undertook the construction of the sidewalks. Further, since there is no duty to install sidewalks, it would be unreasonable to require the Village to continue existing sidewalks.

Nevertheless, plaintiff argues that the Village undertook a "plan" for the improvement of Walnut Street which included the construction of a sidewalk, which renders the Village liable. While we find no evidence that the Village did adopt a plan for the construction of the sidewalks, assuming arguendo that such a plan was undertaken by the Village, the "plan" must be completed before liability can attach. In *Resnik v. Michaels* (1964), 52 Ill. App. 2d 107, 201 N.E.2d 769, the court held that since a municipality would not be liable for failing to install traffic control devices, a municipality was not negligent and therefore not liable for installing such signs after the authorizing ordinance was passed, but before installation. This case applies here, since the liability of the Village

for the uncompleted sidewalk does not attach until the improvement has been completed.

■■ Plaintiff relies on *Baran v. City of Chicago Heights* (1969), 43 Ill. 2d 177, 251 N.E.2d 227. In *Baran*, plaintiff was injured when he crashed into a tree after failing to stop at a "T" intersection. Plaintiff claimed that the intersection was improperly illuminated, that the city had placed the light so that the obstruction could not be seen. Our supreme court held that the city was not relieved of liability when the plan devised, if put into operation, leaves the city's streets in a dangerous condition for public use. Since that municipality *undertook to place the light*, that case is clearly distinguishable as here the Village has not undertaken anything other than the passing of the above ordinance and clearly, liability cannot attach for the exercise of this legislative function.

Practically speaking, it would be tantamount to imposing a burden of liability on municipalities that they could never hope to bear. As was stated in *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 478, 300 N.E.2d 590, 593:

> "A municipality never has been intended under our system as a principal source of social protection. We cannot conceive of a municipality which would be able simultaneously as the need develops to provide the roads, sidewalks, police and fire protection, and every facet of modern municipal service at the most desirable level. We suggest that it is enough that they exercise ordinary care with respect to those undertakings which they have chosen or selected."

■■ Plaintiff also alleged negligence in that the Village failed to install crosswalks, warning devices, signs, markings or lights to warn that pedestrians would cross the street to get to the sidewalk. She relies on section 3—104(b) of the Tort Immunity Act which states that there is no liability for failure to install warning signs unless such a device "was necessary to warn of a condition which endangered the safe movement of traffic, and which would not be reasonably apparent to or anticipated by a person in the exercise of due care." (Ill. Rev. Stat. 1975, ch. 85, par. 3—104(b).) Given that the collision occurred in a residential area, it would be reasonable to expect that pedestrians would be crossing the street at various locations and to expect motorists to anticipate this and drive accordingly. Therefore the Village, as a matter of law, could not be negligent for failing to warn of such an obvious fact. Compare *Hermann v. City of Chicago* (1973), 16 Ill. App. 3d 696, 306 N.E.2d 516.

Next, plaintiff contends that the Village failed to maintain its property by allowing trees and shrubs to grow on its right-of-way at the end of the sidewalk, thus making passage impossible. Plaintiff correctly

points out that the Village has the duty to exercise ordinary care in the maintenance of its property. (See Ill. Rev. Stat. 1975, ch. 85, par. 3—102.) However, while the Village has the duty to maintain its sidewalks after installation, it does not have the duty to undertake the creation of a foot path. In *Koerth v. Turtle Creek Borough* (1946), 355 Pa. 121, 49 A. 2d 398, plaintiff contended the Borough was negligent in permitting a sidewalk to come to an abrupt end and was liable for the injuries she sustained when she stepped into a depression on adjoining unpaved property. The Pennsylvania Supreme Court held that the defendant Borough's councilmen,

> "* * * were under no legal obligation to take such action and their failure to do so did not impose responsibility upon the Borough for any consequences resulting therefrom. They were not required, merely because they had paved the highway for the benefit of vehicular traffic, to create sidewalks for the convenience of pedestrians." 355 Pa. 121, 125, 49 A.2d 398, 400.

Plaintiff also argues that the Village violated its own ordinance by failing to trim trees and shrubs at that location. Village of Roselle Ordinance 21—7 provides in pertinent part as follows:

> "Trees and shrubs on public or private property bordering on any street shall be trimmed to sufficient height to allow free passage of pedestrians or vehicular travel, and so they will not obstruct or shade the street lights, the vision of traffic signs, or the view of any street intersection."

■■ ■ Our supreme court has held that the violation of a statute or ordinance designed for the protection of human life or property is prima facie evidence of negligence; that a party injured thereby has a cause of action, provided he comes within the purview of the particular ordinance, and the injury has a direct and proximate connection with the violation. (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326.) Plaintiff's amended complaint alleged that the Village permitted shrubs and trees to grow on the public right-of-way so as to obstruct pedestrian traffic, thereby making passage impossible. The ordinance here is clearly designed to keep passage on the streets clear and unobstructed. Plaintiff's decedents were walking in the street at the time of the collision; and the height of trees and shrubs was not the proximate cause of their being struck from the rear. Therefore, plaintiff's decedents did not come within the purview of the statute nor did the collision here have any direct or proximate connection with any possible violation of the ordinance here.

■■ Finally, plaintiff contends that the Village has waived any immunity it may claim by the purchase of liability insurance. (See Ill. Rev. Stat. 1975, ch. 85, par. 9—103(b).) However, as we have previously concluded

there is no evidence that the Village undertook a plan for the construction of the sidewalks on Walnut Street, we hold therefore, that the Village is not claiming immunity under section 3—103 of the Tort Immunity Act. Ill. Rev. Stat. 1975, ch. 85, par. 3—103.

On the basis of the foregoing, we affirm the order of the circuit court of Du Page County.

Affirmed.

SEIDENFELD and NASH, JJ., concur.