(No. 80-CC-0031—■■■■

HEDY FREEMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed December 17, 1981.*

STEINBERG & BURKTER, LTD. (STEVEN BLUM, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (GLEN LARNER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This matter comes before the Court for damages suffered by Claimant as a result of injuries received when she tripped over tree roots in a sidewalk in Skokie, Illinois.

The State requested the village of Skokie to remove the tree because some of its limbs were creating a dangerous situation on a State highway directly opposite the scene of the accident. The village refused to take any action and the State then removed the trees when it became imperative to do so to avoid possible accidents on the highway. The tree removal was done approximately three years before Claimant's accident which occurred on July 18, 1978.

Claimant has recovered the sum of $3,000.00 from the village of Skokie for damages suffered as a result of falling over the tree roots in the sidewalk.

Claimant's position is that the State, having voluntarily assumed the task of removing the tree, then assumed

responsibility for the roots which caused the injuries complained of.

The State relies largely on the following two cases: *Pioneer Hi-Bred Corn Co. v. Northern Illinois Gas Co.* (1973), 16 Ill. App. 3d 638, 306 N.E.2d 337. This was an action by a corn processing plant against the gas company for damages sustained for a gas explosion.

Plaintiff notified the gas company it was not receiving 45 p.s.i. required to operate his plant. The gas company checked it out and agreed. Defendant's agents inspected the equipment to determine whether the system could handle the pressure if a bypass of the regulator were used. They concluded the system could stand the increase in pressure if they bypassed the regulator. This was done on September 27, 1967, and gas flowed without the regulator on plaintiff's property. On October 2, the regulators were put back on but the pressure again decreased so, on October 12, the system was again put on bypass. In the evening of October 12, a hose blew and the explosion occurred causing the fire damaging the plaintiff's property.

Plaintiff sued on the theory of negligence and breach of implied warranty. The trial court dismissed implied warranty and the case went to the jury on a negligence count. The jury held for defendant. Plaintiff appealed and the appellate court reversed and remanded for new trial on both counts.

The issue of implied warranty was extensively discussed by the court but it is irrelevant to the present case before the Court of Claims.

On the negligence count, plaintiff had alleged improper inspection of the heaters, hoses, appliances and service line.

The court said:

"The general rule is that although a distributor of gas is not ordinarily charged with the duty of inspecting or maintaining privately owned pipes or appliances in the building or on the property of its customers, if it undertakes to inspect pipes and installations on the property of the customer, it will be liable for its negligence in doing so." 16 Ill. App. 3d 638, 649-50, 306 N.E.2d 337, 346.

Further, the court said:

"Not only is there evidence that knowledgeable employees of the gas company were aware of the problem of needing to supply additional gas, but it is also clear they examined the facilities for the purpose of determining whether the pressure could be increased without damage, and from such examination made recommendations concerning the increase of gas pressure which were relied upon and accepted by the customer. If so, then it may be inferred the gas company, in the exercise of due care in inspecting the lines and facilities, should have discovered any improper hose clamps and warned the plaintiff of the potential consequences." 16 Ill. App. 3d 638, 651, 306 N.E.2d 337, 347.

The appellate court reversed and remanded on the grounds of refusal to give an instruction offered by plaintiff and failure to allow to go to the jury on the theory of breach of implied warranty. However, on appeal to the supreme court, that court refused to remand the case for new trial holding the instruction was erroneous and that implied warrant of fitness applied only to goods sold. Here the pipes were not sold by the gas company, it was merely the gas that was sold. However, the supreme court did not quarrel with the general rule of inspection set out in the appellate court's decision. *Pioneer Hi-Bred Corn Co. v. Northern Illinois Gas Co.* (1975), 61 Ill. 2d 6.

See also *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, with reference to the duty of using due care in making an inspection.

Thus, a duty may arise where one never existed before, but the issue before this Court is whether the duty to remove a hazard to the traveling public on the

highway raised a duty to remove a danger on the pedestrian portion of the highway. This includes the question of whether the State has a duty to remove dangers from the sidewalks adjoining one vehicular portion of a highway or does that duty remain one charged against the city in which the sidewalk is located.

If it had no duty to remove the hazard on the sidewalk before cutting down the tree, none was created by virtue of overcoming the hazard on the vehicular portion of the highway. No one placed reliance on the State's conduct in removing the tree. A property owner who removes a hazard on his own property has no duty to pursue the hazard on his neighbor's unless his conduct was such as to mislead an innocent party into believing that he would pursue the hazard beyond his own boundaries. Such is not the case here.

To hold otherwise would require the State in carrying out its duty of removing snow from highways to also be compelled to remove the snow from adjoining sidewalks.

The cases cited by Claimant are not controlling here. The duty undertaken to inspect in a non-negligent manner is not akin to the case before this Court. The State undertook its duty to make the travelled portion of the highway safe for vehicular travel. The duty extended no further. Had the State undertaken voluntarily to remove the roots from the sidewalk, then it would have been compelled to do so in a non-negligent manner.

To carry the theory of the Claimant to its ultimate conclusion, it might be argued the fact that the State, by removing leaves, twigs or branches from the State highway, had assumed control of the entire tree and was therefore responsible for any accidents dealing with the

tree. To place the State in that position would mean that in the thousands of miles of State highways throughout the country, cities and villages, an impossible burden would be imposed upon the State and its source of revenue, the taxpayers of the State of Illinois.

It is interesting to note, in this connection, that Claimant took the position that the village of Skokie was responsible when a settlement was made in the amount of $3,000.00 for her injuries.

The Court is of the opinion that the acts required by the State Highway Department in maintaining and keeping the highway safe did not shift the burden of responsibility from the municipality to the State. Attention is called to the Illinois Municipal Code (Ill. Rev. Stat., ch. 24, par. 11—80—1), which places the responsibility of keeping and maintaining sidewalks upon the municipality in which the sidewalks are located.

It is the Court's opinion that the act of maintaining the street in a safe condition did not relieve the municipality of that duty nor did it place the burden upon the State.

Award denied. Claim dismissed.