MICHELLE L. FRAKES, by her Mother and Next Friend, Connie R. Ogden, *et al.*, Plaintiffs-Appellees, v. NANCY MARTIN, Defendant (Fulton County Community School District No. 3, Defendant-Appellant).

Third District   No. 3—85—0677

Opinion filed January 12, 1987.—Rehearing denied February 19, 1987.

James J. Elson, Chartered, of Canton (James Elson and Walter D. Barra, of counsel), for appellant.

Bernardi & Bode, of Pekin (Fred A. Bernardi, of counsel), for appellee.

JUSTICE BARRY delivered the opinion of the court:

A Fulton County school district appeals from a judgment for $149,500 entered in favor of Michelle Frakes in a personal injury action which was tried before a jury.

Michelle Frakes, plaintiff herein, was struck from the rear by an automobile driven by Nancy Martin while Frakes was walking along the right-hand side of a highway in the town of Cuba, Illinois, on her way home from Cuba High School. The accident occurred shortly after 3 p.m. on November 10, 1983. On that day plaintiff followed her usual route home from school. She walked south from the high school on the sidewalk along the west side of Route 97 for 1½ blocks until the sidewalk ended some distance from the defendant school district's athletic field.

Pedestrian usage had worn a footpath from the end of the sidewalk south to the athletic field and then across the east end of the field along the crest of a small ridge or embankment that had been constructed at the east end of a running track which surrounded the football field. The track and football field had been constructed in 1940 and were virtually unchanged since that time except for the annual installation and removal of a picket fence for crowd control purposes during football season each fall. On the day in question, the fence was in place and blocked access to the footpath at the top of the embankment. Because it was raining and the terrain next to the fence was slippery and muddy, plaintiff and some other students chose to walk along the shoulder of the highway rather than on the embankment or in the ditch. At one point, Michelle stepped onto the pavement and was struck by the Martin vehicle. Her injuries were serious and permanent.

At the conclusion of the jury trial, a verdict was returned fixing damages at $230,000 and the degree of fault attributable to plaintiff at 35%, with recoverable damages of $149,500. Judgment was entered on the verdict.

Defendant raises several issues on appeal which we need not consider because in our view the determinative issue is whether defendant violated a duty owed to plaintiff. The law of Illinois is clear that a municipality has no duty to construct a sidewalk. (*Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478

N.E.2d 888; *Harding v. Chicago Park District* (1975), 34 Ill. App. 3d 425, 339 N.E.2d 779.) Those and like cases have held that a municipality is required to maintain its streets and sidewalks in a reasonably safe condition, considering the use to be made of them, but there is no duty to provide sidewalks, or in the absence of sidewalks, to provide a safe place for pedestrians to walk. *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888; *Best v. Richert* (1979), 72 Ill. App. 3d 371, 389 N.E.2d 894.

In *Best v. Richert* plaintiff brought an action against the village of Roselle and others to recover for the death of her two sons who were struck by a car while they were walking along a village street. The boys had been walking on a sidewalk until they reached the point where the sidewalk ended. Further progress was blocked by overgrown trees and shrubs, and pedestrians were forced to detour into the street. The court held that the village had no duty to continue an existing sidewalk to the end of the block and no duty to create a footpath where there is no sidewalk.

■■ If, as the cases cited indicate, municipalities and townships and park districts have no duty to provide a safe place for pedestrians to walk along a roadway, surely a school district landowner has no duty to provide a safe place for pedestrians to walk where there is no sidewalk. In the case at bar, neither the municipality nor the school district had constructed a sidewalk along the athletic field. The fact that the school district's temporary fence blocked the progress of pedestrians along the west side of the roadway was no more a violation of duty than was the growth of trees and shrubs at the end of the sidewalk in *Best v. Richert*.

■ Plaintiff's theory was that defendant school district had designed and constructed an unreasonably dangerous condition on its property and on the State right-of-way by placing a fence across the pedestrian path, part of which fence was on the State right-of-way. Clearly the fence itself was not dangerous. The only dangerous condition alleged was the absence of a pedestrian walkway across the defendant's property which caused plaintiff to walk on the shoulder of the highway. As the cases cited above demonstrate, the law does not impose on defendant a duty to provide a walkway along its property. Parenthetically, it should be noted that plaintiff was 14 years old and, thus, old enough to appreciate the danger of stepping onto the pavement of a two-lane roadway with her back to on-coming traffic. Furthermore, any duty to provide safe premises for persons attending school events was not violated here. Plaintiff was not engaged in a school activity but rather was going home from school by a route of

her own choosing and, moreover, a route with which she was thoroughly familiar.

We conclude that the trial court erred in submitting this case to the jury. The existence of a duty must be determined by the court as a matter of law. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158, 456 N.E.2d 116; *Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888.) Since we hold that no duty existed here to provide or to maintain a pedestrian walkway, the judgment of the trial court must be reversed.

Reversed.

WOMBACHER and HEIPLE, JJ., concur.