(No. 82-CC-1886— ▮▮▮▮▮)

RONALD LICHTER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed May 12, 1988.*

*Order filed September 25, 1989.*

*Order filed May 16, 1991.*

*Order on motion for rehearing filed November 7, 1991.*

LOUIS S. GOLDSTEIN & ASSOCIATES, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (JAN SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, J.

This cause comes on to be heard on the Court's own motion following our order of February 17, 1988.

On February 17, 1988, an order was entered in this matter which: (1) noted that Claimant had not filed his annual status report as required by section 790.70 of the Court of Claims Regulations, (2) pointed out that failure to comply with section 790.70 was grounds for dismissal, and (3) granted Claimant 21 days within which to comply. Prior to that order, the clerk's office, although

not required to do so, did mail Claimant a reminder that the report was due. Claimant did not comply with said order. In fact, this claim was ordered placed on general continuance on April 7, 1984, and Claimant has neither filed a status report nor anything else since. Prior to the claim being placed on general continuance Claimant filed nothing since the complaint on February 16, 1982.

It is hereby ordered that this claim be, and hereby is, dismissed for want of prosecution and for failure to comply with section 790.70; it is further ordered that Claimant is granted leave to refile within a period not to exceed one year from the date of this order.

## ORDER

MONTANA, C.J.

Claimant has moved for sanctions against the State for failure to comply with discovery.

It is hereby ordered as follows:

1. The State of Illinois shall comply with all outstanding discovery requests within 30 days of the date of this order.

2. Claimant's motion for sanctions is denied at this time without prejudice to Claimant refiling said motion if the State does not comply with this order.

## ORDER

MONTANA, C.J.

This cause coming on to be heard on the motion of Respondent to dismiss the claim herein, Claimant's response, and Respondent's reply to that response, due notice having been given the parties hereto and the

Court being fully advised in the premises, the Court finds:

That the claim before us arose from an accident which is alleged to have occurred on February 13, 1981, while Claimant, a pedestrian, was walking in a westerly direction on the north side of Golf Road at or near 9600 West Golf Road. We see that on that date, Claimant was allegedly forced to walk in the roadway due to a construction project going on because there was no sidewalk and was struck by an unknown vehicle.

Respondent's position in its motion is that under the facts of this case the State owed no duty to the Claimant. In his complaint the allegations of breach of duty were as follows:

"(a) Permitted and allowed the sidewalk at the place aforesaid, to become and remain in a highly dangerous and unsafe condition by reason of an unnatural accumulation of debris scattered thereon;

(b) Permitted and allowed the said sidewalk at the place aforesaid, to become and remain in a highly dangerous and unsafe condition for an unreasonably long period of time;

(c) Failed to construct an alternate pathway for pedestrian traffic proceeding along said sidewalk, when they knew or should have known that said alternate sidewalk or pathway was necessary to prevent pedestrian traffic from having to walk along the roadway;

(d) Failed to make a reasonable inspection of the premises at the place aforesaid, to determine whether the sidewalk was accessible to pedestrian traffic;

(e) Failed to warn the Plaintiff and other persons lawfully upon said premises of the highly dangerous and unsafe condition existing upon the sidewalk at the time and place aforesaid."

We note that this Court has previously held the Illinois Department of Transportation is under no duty to build or maintain sidewalks or overpasses located within municipalities; that such would be the duty of the municipalities themselves. (*Tilliston v. State* (1981), 35 Ill. Ct. Cl. 353; *Freeman v. State* (1981), 35 Ill. Ct. Cl. 242.) Claimant acknowledges this in his response but

argues that sub-paragraphs (c), (d), and (e) (quoted above) are sufficient factual allegations of breach of duty, citing *DiDomenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242. We disagree. We find the case at bar to be closer to that of *Deren v. City of Carbondale* (1973), 13 Ill. App. 3d 473, 300 N.E.2d 590, cited in the *DiDomenico* decision, a possible distinction being only that no obstruction was present in *Deren.*

In Respondent's reply, Respondent aptly distinguished the *DiDomenico* case. In *DiDomenico*, plaintiff parked his car in a lawful manner and was using a portion of the street as a means of going and coming from his vehicle when he fell into a pothole on the street. The court held defendant has a duty to maintain the street for motorists who foreseeably parked their cars and were using the street area around their cars as a passageway to get to and from their automobiles. The plaintiff, in *DiDomenico*, used the street as a passageway to get from the front of his vehicle to the back in an area used for parking and stepped in a hole, while in the case at bar the Claimant was using the street as a sidewalk and was struck by a vehicle.

Respondent also proffered the case of *Franks v. Martin* (1987), 151 Ill. App. 3d 823, 503 N.E.2d 556, in support of its position. In *Franks*, plaintiff, a pedestrian, was walking along a footpath on defendant's, a school district's, property when she encountered defendant's fence which blocked her path. Instead of walking around the fence, plaintiff chose to walk into the street and was struck by a vehicle. The court found the defendant had no duty to provide a walkway along its property. Likewise, in the instant case, Claimant was walking along Golf Road at a point where there were no

existing sidewalks when he came to a construction project. Claimant then proceeded to walk on Golf Road and was struck by a vehicle. The Court found that the defendant had no duty to construct a walkway along its property.

Based on our review of the case law and the facts alleged we find that the Respondent owed the Claimant none of the duties Claimant alleged were breached. It is hereby ordered that the Respondent's motion be, and hereby is, granted and this case is dismissed.

## ORDER ON MOTION FOR REHEARING

MONTANA, C.J.

This cause comes on to be heard on the Claimant's request for rehearing, it appearing that due notice has been given, and the Court being advised finds Claimant has failed to state any reason whatsoever in support of his request.

Wherefore, it is hereby ordered that Claimant's request be, and hereby is, denied.