(No. 19162.—

LOUIS WINKELMAN *et al.* Appellees, *vs.* H. G. ERWIN *et al.* Appellants.

*Opinion filed February 20, 1929.*

ENDICOTT & ENDICOTT, for appellants.

RUMSEY & RONALDS, and CONGER & ELLIOTT, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of White county rendered a decree annulling a contract between Louis Winkelman and Mittie Winkelman, his wife, complainants, and H. G. Erwin and Anabel Erwin, his wife, defendants, for the purchase by the complainants of the defendants of forty acres of land and the deed executed in pursuance of the contract and requiring the return of the consideration paid. The defendants have appealed.

The appellants owned the northwest quarter of the southeast quarter of section 26, in town 6 south, range 8 east of the third principal meridian, in White county, and employed Mrs. Rose Ann Thompson, a real estate agent residing at Harrisburg, in Saline county, to sell it. The appellants and the appellees were not acquainted and never saw one another until after the delivery of the deed in performance of the contract. Winkelman, who was a coal miner living at Harrisburg, saw in a newspaper an advertisement of the land for sale, giving only a number for an address. He answered the advertisement and thus met Mrs. Thompson, with whom on May 3, 1927, he and his wife went to White county to look at the land. Mrs.

Thompson had never seen the land and stopped on the way to inquire the road to it. When they reached it the house was closed and no one was there. Mrs. Thompson then went to inquire of Oris Hill, a neighbor, where the lines were and where the keys were. Hill gave her the information about the lines. She asked about the north line, and he told her as near as he could. It was in sight and he pointed it out to her. She came back to the Winkelmans and told them, as she said, what Hill had told her about the line and pointed out the line that had been pointed out to her by Hill. She testified that she did not knowingly misrepresent anything. Winkelman and his wife testified that Mrs. Thompson showed them the north line of the tract, which included in the land they were buying a tract of about twelve acres of bottom land, upon which were a well and a tree, and there was evidence that these twelve acres were worth twice as much as any other land in the forty-acre tract. The appellees made no inquiry of any other person as to the boundaries of the land they were buying. On the way back to Harrisburg the terms of a contract for the purchase of the land were agreed on, and on the same day, at Harrisburg, the contract was reduced to writing, the price agreed on being $3000,—$1450 cash and $1550 to be secured by a mortgage. The contract was executed by the appellees in person and by the appellant H. G. Erwin by Mrs. Thompson, his agent. Winkelman paid $1450 to Mrs. Thompson, and the next day, May 4, the appellants executed their warranty deed of the forty acres to the appellees. This deed was delivered on May 6, and at the same time the appellees executed and delivered to Mrs. Thompson, as agent for the appellants, a mortgage of the same forty acres to secure the payment of the remainder of the purchase money. After the delivery of the deed and the mortgage Winkelman told Mrs. Thompson that there was a mistake in them, and she promised to get Erwin and have it straightened out. Erwin came on

Sunday, and Erwin and Winkelman agreed to meet Monday morning for the purpose of correcting the mistake. They went to the land and Erwin showed him the orchard and pointed out the lines. When he pointed out the true line Winkelman said that that changed things; that there was a worse mistake than ever; that Mrs. Thompson told him that the twelve acres were a part of the farm. Erwin said that was between him and Mrs. Thompson; that he had hired her to look after this for him. This was on May 9. The appellees thereupon tendered a re-conveyance of the land conveyed to them and demanded the release of the mortgage and the return of the cash payment. The appellants having refused the tender, the appellees filed their bill for a rescission of the contract and the setting aside of the deed.

The appellants argue two points which their counsel say are the real questions at issue: (1) That the evidence must be clear and satisfactory to justify the setting aside of an executed contract; (2) that the contract will not be set aside for a mistake of fact which was due to the negligence of the complainant or could have been prevented by the exercise of reasonable diligence and care by him.

These propositions are correct statements of the law. The case is not one of fraudulent misrepresentation but is an action to rescind a contract entered into under a mistake of fact by one of the parties. A court of equity may rescind a contract at the request of one party who has entered into it, without negligence, through a material mistake of fact, when it can do so without injustice to the other party. (*Steinmeyer* v. *Schroeppel,* 226 Ill. 9; *Morgan* v. *Owens,* 228 id. 598; *Bivins* v. *Kerr,* 268 id. 164; 2 Pomeroy's Eq. Jur.—3d ed.—sec. 870; 1 Story's Eq. Jur.—12th ed.—135.) The fact concerning which the mistake was made must be material to the transaction and affect its substance, and must not result from the want of such care and diligence as are exercised by persons of reasonable prudence under the same

circumstances. (*Steinmeyer* v. *Schroeppel, supra.*) While reasonable diligence is required of all parties in the transaction of business, it is not enough to prevent relief that the complainant might have ascertained the truth had he done all within his power. (*Hoops* v. *Fitzgerald,* 204 Ill. 325.) To warrant a rescission the evidence must be clear and positive. (*Ewing* v. *Sandoval Mining Co.* 110 Ill. 290; *Hoops* v. *Fitzgerald, supra.*) The mistake in this case was material, for it related to the identity of the subject matter of the contract.

The mistake on which the bill rests was not due to the negligence of the appellees. This case is very like that of *Bivins* v. *Kerr, supra.* In that case it was the grantor in the deed who was seeking the rescission instead of the grantee. The grantor intended to convey an undivided one-third interest which he had inherited from his grandfather in fifty-five acres of land, but the description in the deed covered the one-third interest not only in the fifty-five acres but also in an adjoining tract of eleven acres acquired through his father. He was mistaken as to the land conveyed, but the appellants knew that the deed also conveyed the grantor's interest in the eleven acres which the grantor had not agreed to convey and did not intend to convey. It is said in the opinion that "the situation was one where the vendor had offered to sell one thing and the vendee believed that he was buying another. In such case the contract cannot be reformed. The mistake is not in the expression of the agreement of the parties, for the parties' minds have not met—there has been no agreement. Warren Bivins mistakenly conveyed property which he did not intend to convey. The appellants received the conveyance with full understanding. There was therefore no mutual mistake. A mistake on one side may be ground for rescinding but not for reforming a contract." In this case the same situation exists, except that the grantor conveyed the property which he intended to convey and the appellees re-

ceived the conveyance with the mistaken understanding that it conveyed the title to the twelve acres. The appellees might by extraordinary diligence have avoided the mistake. They might have had the tract surveyed before entering into the contract, but they were not guilty of a lack of ordinary prudence in accepting what was understood in the neighborhood as the true lines of the land which they were buying or in relying upon the statement of the agent of the vendor as to what she had ascertained the lines to be. Mrs. Thompson did not know the boundaries of the land, as the appellees knew. She went to Hill, who was acquainted with the boundaries of the land, and upon her return stated that she had learned the boundaries, and she proceeded to point them out. The appellees testified that the north boundary which she pointed out was north of the twelve acres of bottom land, on which were the well and the tree. In fact, the north boundary of the land was south of the twelve acres including the well and the tree, and they were therefore not a part of the land included in the forty-acre tract which the appellants owned and which they conveyed to the appellees. Mrs. Thompson testified that she pointed out the lines which Hill had shown her, that she did not misrepresent anything knowingly, and that she did not understand that the twelve acres were within the boundaries which she pointed out and did not state that the twelve acres were or were not a part of the appellants' land.

The evidence of the witnesses was all heard by the chancellor, and we cannot on this record say that because the testimony of Mrs. Thompson conflicts with that of the appellees the evidence is not clear and convincing that the mistake of fact relied upon to rescind the transaction did occur. It is to be considered in connection with the testimony of the three witnesses that the contract was concluded on the same day to the satisfaction of everybody concerned in it. It was reduced to writing and promptly carried out. The mistake which the purchaser complained of, which was

apparently of minor importance, was promptly corrected. When the vendor and the vendee, after the correction of the mistake, visited the land and the vendor pointed out the boundaries, which did not include the twelve acres, the vendee immediately expressed his dissatisfaction. The mistake cannot be said to be due to the negligence of the appellees. They had no knowledge of the boundaries of the land. Mrs. Thompson represented the appellants. She undertook to make the inquiries necessary to determine the location of the boundaries, and the fact that the appellees accepted her statements, based, as she said, upon the inquiries she had made, would not justify holding them responsible for the consequences of their common mistake. Erwin testified that he did not misrepresent any land line; that he received his price for the farm and would not have sold it for any less money. Winkelman was satisfied with his purchase when he thought the forty acres which he was buying included the twelve acres of bottom land, but he testified that he was dissatisfied the minute Erwin told him where the land line actually was. The parties in making and carrying out the contract did not have the same subject matter in mind. Winkelman thought the forty acres he was buying included the twelve acres of bottom land and was justified in relying upon the statement of Erwin's agent that it did. Mrs. Thompson made no intentional misrepresentation, but her statement led the appellees to believe that the twelve acres were included in their purchase. Under these circumstances the appellees, when they discovered the mistake under which they had entered into the contract, were justified in rescinding it.

The decree is affirmed.

*Decree affirmed.*