Summit Township Road District, a Public Corporation, Plaintiff-Appellant, v. Hayes Freight Lines, Inc., a Corporation, McLean Trucking Company, a Corporation, and Don E. Anderson, Defendants-Appellees.

Gen. No. 63–O–27.

Fourth District.

November 8, 1963.

Rehearing denied December 30, 1963.

Frank H. Schniederjon, of Effingham, for appellant.

Willis P. Ryan, Harlan Heller and Ryan & Heller, all of Mattoon, for appellees.

HOFFMAN, JUSTICE.

This action was brought to recover damages to a bridge owned by plaintiff. The bridge was destroyed when defendant's truck, by reason of its weight, caused the bridge to collapse.

On the evening of December 11, 1961 the defendant Anderson was driving defendant Hayes Freight Lines' truck and trailer with a load of steel bars proximating 24 tons on a run from Cleveland to St. Louis. The night was dark and foggy. It was raining. After a rest stop, defendant Anderson, while attempting to get on a new interstate road, mistakingly turned down a township road rather than the interstate's approach. Anderson soon realized he was not on the road he intended and stopped to inquire from a farm resident as to his whereabouts. Though he was advised to turn around, he proceeded along this township road until he arrived at the bridge in question. Seeing the bridge, he stopped, looked at the bridge from the cab of his truck, and decided to proceed across. As his tractor and trailer came upon the main span of the bridge, it gave way.

This bridge, under the provisions of the Illinois Highway Code (Ill Rev Stats 1961, c 121, § 2–202) was a part of what was called the "Old Shumway Road." Pursuant to Section 134(c) of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1961, c 95½, § 231) this road had been limited to a weight of 3 tons by a proper resolution of the local authority. Pursuant to this resolution the local authority procured a sign which stated "Load Limit 3 Tons,"

and erected it at the entrance to the Old Shumway Road approximately 1,000 feet from the bridge. No other sign, along the road nor on or near the bridge, advised the traveling public of the weight limitation. The Old Shumway Road commenced at a country intersection and ran westerly therefrom. The sign was erected immediately west of this intersection, actually about 50 feet west of the west line of the intersecting road, and anyone using this road, including the defendant, could not get to the bridge without passing this sign.

The plaintiff's principal basis for seeking recovery in this action rests upon the claim that the defendant by virtue of his violation of the weight restriction upon this highway became liable for the damages which ensued.

The defendant's answer is that the plaintiff failed to properly post the bridge and the road with adequate signs to warn the traveling public of the weight limitation imposed.

The very able trial judge in an exhaustive opinion determined that the defendant was in fact at fault and "assumed the risk incident to the use he made of the bridge," but held in favor of the defendant on the grounds that the plaintiff was contributorily negligent. The trial judge stated, "It was the duty of plaintiff to properly warn the traveling public of the limitations of this highway. It failed to do so by failing to post this highway and bridge as provided by law and . . . its failure to take reasonable precautions to prevent damage to its own property, precludes it from recovering in this action."

This appeal arises from the judgment entered for defendant.

Involved in the decision of this case are the following sections of the Uniform Act Regulating Traffic on Highways:

Section 134(c): "Local authorities with respect to highways under their jurisdiction may also, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as to the weight thereof, on designated highways, which prohibitions and limitations shall be designated by appropriate signs placed on such highways."

Section 135(a): "Any person driving any vehicle, object, or contrivance upon any highway or highway structure is liable for all damage which the highway or structure may sustain as a result of any illegal operation, driving or moving of such vehicle, . . ."

Section 26(b): "No ordinance or regulation . . . shall be effective until signs giving notice of such local traffic regulations are posted upon or at the entrances to the highway or part thereof affected as may be most appropriate."

Section 28: "The Department shall adopt a manual and specifications for a uniform system of traffic-control devices consistent with the provisions of this Act for use upon highways within this State."

Section 30: "Local authorities in their respective maintenance jurisdiction shall place and maintain such traffic-control devices upon highways under their maintenance jurisdiction as may be required to indicate and carry out the provisions of this Act, and local traffic ordinances or to regulate, warn or guide traffic. All such traffic-control devices hereafter erected shall conform to the State Manual and Specifications. . . ."

Under Section 135, plaintiff filed this action. Under this section it is clear to us that absolute statutory liability may be imposed against any person who

damages a highway structure as the result of an illegal operation upon said highway. The only question in this case, therefore, is whether or not defendant was operating illegally upon the Old Shumway Road at the time of this accident.

■ Under Section 134(c) local authorities, to impose a valid weight limitation upon vehicles using a highway need only do two things: (1) impose the weight limitation by ordinance or resolution, and (2) designate said limitation "by appropriate signs placed on such highways."

■ Counsel have agreed that the necessary resolution was appropriately enacted in the instant case. The only question, therefore, is whether or not such enactment was properly "designated by appropriate signs."

There is no case law in Illinois bearing upon the interpretation necessary to this statute. However, the able trial judge searched out other jurisdictions and found two Louisiana cases wherein the doctrine was announced that the highway authority must take reasonable precautions to warn the traveling public of a dangerous situation. (Department of Highways v. Fogelman, 210 La 375, 27 So2d 155; Department of Highways v. Jones, 35 So2d 828.) The trial judge found that the one sign involved in the instant case did not conform to the Manual of Uniform Traffic-Control Devices adopted by the Department of Public Works and Buildings; that it was not placed where it might accomplish the purpose for which it was intended; that plaintiff failed to post this highway and bridge as provided by law; and concluded, that the plaintiff failed in its duty "to properly warn the traveling public of the limitations of this highway."

We do not believe the above Louisiana cases to be persuasive in this instance, for they do not involve

278

statutes which have any similarity to those in force in this state.

Regarding the notice which Section 134(c) requires, we need only look to the other statutes cited. Section 26 provides that the notice shall be posted "at the entrance to the highway." The Manual, which was adopted by the Department in accordance with Section 28 and which is binding under Section 30, provides that the signs "are to be erected at each end of a limited bridge or section of highway," and that "along the highway section they shall also be erected at not less than one mile intervals." There is no question but what, in this case, plaintiff properly posted the sign at the place. There is no requirement that it be "placed where it might accomplish the purpose for which it was intended," nor is there any requirement that the bridge itself be posted when the entire highway (of which the bridge is a part) is posted. There is no justification for going beyond the statutory rule and invoking a rule of "reasonable notice." The local authority, to recover, need only comply with the statute.

But there is one more aspect. The sign did not conform to the size specified in the Manual. The Manual directs the sign to be 15 x 30," whereas its dimensions were 12 x 18." Does this alone require a denial of plaintiff's claim? We believe that the mere size of this sign should not work a defeat of plaintiff's claim unless its size proximately contributed to the occurrence.

An examination of a photo in evidence showing the sign as it stood along the roadway on the evening in question indicates to us that it would have been seen by anyone who was using reasonable care. Although the night was dark and stormy, defendant Anderson knew he had mistakingly taken the wrong road. And,

of course, he was well aware of his tremendous load. In such a situation Anderson and anyone else traveling under such circumstances should be doubly vigilant to any warnings of danger. In such a situation such persons could not overlook this sign, if they would only take the care which would be expected of them. The trier of fact did not find that the mere size of this sign contributed proximately to the occurrence, and we agree.

In our view of this case, the plaintiff local authority did all that was required to impose liability for damages to its bridge through overweight. Accordingly, we reverse the judgment below and remand this cause for assessment of the damages sustained.

Reversed and remanded.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.