RAY SHAW, Plaintiff-Appellee, *v.* JOHN R. LUND, Defendant-Appellant.

Fourth District    No. 15660

Opinion filed May 27, 1980.—Rehearing denied July 11, 1980.

Rosenberg, Rosenberg, Bickes & Johnson, Chartered, of Decatur (Wayne L. Bickes, of counsel), for appellant.

Marshall A. Susler, of Owen, Roberts, Susler & Murphy, of Decatur, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This case arose out of a written lease between the defendant-lessor, John R. Lund, and the plaintiff-lessee, Ray Shaw. Lund was the owner of a restaurant building which was in possession of and occupied by a tenant. Michael Robertson, on February 1, 1976. Lund owned another building in which he operated a cycle shop and which was next door to

the restaurant building occupied by Robertson. Robertson had rented the building and had been in possession for approximately the prior 10 months. Robertson had the premises completely equipped for a restaurant which he had operated. In February of 1976, Robertson's restaurant was closed. He had been negotiating for a sale of the business prior to that time and had so advised his landlord Lund. With this prospect in mind both Lund and Robertson had agreed to waive a written 90-day notice requirement for termination of their month-to-month tenancy if Robertson could find a buyer for his business.

The plaintiff Shaw and defendant Lund executed a written lease for the restaurant property. When it was discovered that Shaw had not purchased the Robertson restaurant business and Robertson tendered his monthly rent, the instant legal dispute arose. The Shaw-Lund lease was signed on February 20, 1976. On February 28, 1976, Lund received Robertson's rent payment. Shaw originally filed suit for specific performance of the written lease but subsequently amended his complaint to seek only damages from Lund's breach of the lease. Lund answered the amended complaint and filed a counterclaim for recission. Lund's counterclaim and first amended counterclaim were dismissed on the plaintiff's motion by the trial court. Defendant Lund then filed a second amended counterclaim which was allowed to stand. Lund's counterclaim in part in the alternative was based upon an alleged mistake of fact on the part of Lund that Shaw had purchased his tenant's restaurant business. This mistake, Lund alleged, was induced by Shaw's representations upon which Lund and Shaw had relied and which should be considered sufficient ground to rescind the Lund-Shaw written lease. Following a trial before the court, judgment was rendered for the plaintiff Shaw and against defendant Lund for $2,253.75 for damages resulting from breach of the written lease. The defendant's counterclaim for rescission of the written lease was dismissed for want of equity. The defendant Lund has now prosecuted this appeal.

Lund has raised three issues on appeal which he has phrased as follows:

1. Whether the trial court erred in ruling that that recission of a contract would not lie in the absence of proof of actual fraud;

2. Whether the trial court's findings with respect to the elements of damage were against the manifest weight of the evidence;

3. Whether the elements of damage found by the trial court were proper elements in a breach of contract case.

At the outset it is essentially undisputed that Lund did not deliver possession of the leased restaurant premises pursuant to the fully executed written lease agreement. However, defendant Lund's initial argument that the lease should have been rescinded because of a mutual mistake of

a material fact induced by plaintiff Shaw is hotly contested by both parties on appeal.

A fair reading of the testimony and other evidence in the record leads us to the conclusion that Lund's manager was told by Shaw that he had purchased the business of the tenant in possession of the premises and now needed a lease for Lund's restaurant real estate. Taking the testimony of defendant Lund at its face value, he had an agreement with his tenant Robertson to waive a written 90-day notice of termination provision if Robertson sold his business which would allow for the buyer of the business to immediately enter into a rental agreement with Lund for the real estate. Although much of the testimony of the parties and many of their witnesses is conflicting and some in direct contradiction of other testimony, it is clear that the plaintiff Shaw openly approached Lund's tenant to solicit a purchase of his restaurant business. Lund's testimony, and that of his manager who personally dealt with Shaw, leads to the conclusion that Lund was aware of sale negotiations between Shaw and his tenant Robertson. The evidence offered by the defendant Lund established that Shaw represented to Lund's manager that he had in fact already bought out Robertson's restaurant business and therefore needed a rental agreement with Lund. Relying upon this representation Lund signed the lease to Shaw and accepted a deposit on the first month's rent at a rate equal to the rent of his existing tenant Robertson. Shaw's representation of having bought Robertson out is further established by his admission to making a statement in a phone conversation with Lund's manager with respect to whether he had indeed bought out Robertson to the effect "What I said and what is on paper is two different things."

■■ In light of these facts Lund argues that a mistake of a material fact was the reason for his entering into the lease and based upon that ground the written lease agreement should be rescinded. The trial court stated several reasons for the record in dismissing Lund's second amended counterclaim for want of equity. In summary the trial court believed both counts of Lund's second amended counterclaim sounded in fraud and fraud was not established by a preponderance of the evidence. We acknowledge that count I of the second amended complaint sounds in fraud, but count II alleges alternatively Shaw's misrepresentations, innocent or otherwise, resulting in a mistake of fact. Accordingly, we believe Lund did not have to establish fraud by a preponderance of the evidence in order for the lease to be rescinded because of a mistake of fact.

In *Hoops v. Fitzgerald* (1903), 204 Ill. 325, 68 N.E.2d 430, under similar facts, a lease was rescinded where it was represented that the rented building would structually withstand the construction of two stories but was later discovered that it would not. In *Hoops* a mutual

mistake was found that was material to the lease. In an analogous situation the vendor in a purchase of real estate was entitled to rescission of the sale contract on the ground of a mistake of fact as to the boundary line of the property. (*Winkelman v. Erwin* (1929), 333 Ill. 636, 165 N.E. 205.) Although *Winkelman* involved the sale of realty rather than a lease, the remaining facts are strikingly similar. The court in *Winkelman* stated: "The case is not one of fraudulent misrepresentation but is an action to rescind a contract entered into under a mistake of fact by one of the parties. A court of equity may rescind a contract at the request of one party who has entered into it, without negligence, through a material mistake of fact, when it can do so without injustice to the other party." 333 Ill. 636, 639, 165 N.E. 205, 206-07.

■■ We believe the mistake as to whether Shaw had purchased the restaurant business of Lund's tenant to be material to the transaction in dispute. Lund was fully aware of his requirement to give his present tenant Robertson 90 days' written notice before he could regain possession himself and deliver that possession to a new tenant. It was apparently for that reason that he and Robertson had agreed to waive the 90-day notice if Robertson found a buyer for his restaurant business who was willing to become Lund's new tenant. As did the court in *Winkelman*, we conclude that rescission is a cognizable remedy in equity on the facts presented in this case, particularly where the mistake of fact was clearly material to the lease. We have examined count II of Lund's second amended counterclaim and hold that it sufficiently alleged a material mistake of fact which if proven would warrant the equitable relief of rescinding the lease. However, the trial court did not recognize Lund's theory in count II of his second amended counterclaim. We disagree with the trial court's conclusion that Lund had to prove fraud. Because the evidence on the existence of a mistake of material fact was hotly contested at the trial we will not conclude as a matter of law that rescission should be granted in this case. To do so would be to usurp the function of the trier of fact, in this case the trial court. A new trial in which such a determination is made is necessary in this case.

■ The plaintiff Shaw has also argued that the mistake of fact here resulted from defendant Lund's negligent failure to investigate and learn the truth rather than from Shaw's misrepresentation. A determination based upon this argument is one which requires factual evidence which should be presented to the trier of fact upon remand. *Wil-Fred's, Inc. v. Metropolitan Sanitary District* (1978), 57 Ill. App. 3d 16, 372 N.E.2d 946.

Having decided that this case must be reversed and remanded on the first issue presented by the parties, we will not resolve the remaining two issues raised on appeal.

For the reasons stated, the judgment of the circuit court of Macon

County is reversed, and this cause is remanded for a new trial consistent with the views expressed herein.

Reversed and remanded for a new trial.

ALLOY, P. J., and STENGEL, J., concur.