THE CITY OF DECATUR, Plaintiff-Appellee, v. TROY A. PAGE, Defendant-Appellant.

Fourth District    No. 4—02—0863

Opinion filed May 20, 2003.

Kurt B. Bickes (argued), of Bickes, Wilson & Moss, of Decatur, for appellant.

Steven G. Jones (argued), Assistant Corporation Counsel, of Decatur, for appellee.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In August 2001, a police officer for the City of Decatur, Illinois (City), stopped a truck driven by defendant, Troy A. Page, and ticketed Page for an overweight vehicle violation under the City's municipal code, chapter 34.1, entitled "Overweight And/Or Overdimension Vehicles" (Ordinance) (Decatur Municipal Code § 34.1 (eff. October 16, 2000)). The Ordinance used the same weight restrictions as the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/15—111(f) (West 2000)), but the City failed to post signs alerting motorists of the weight restrictions. In March 2002, the City moved for summary judgment on the issue of liability.

In May 2002, the trial court (1) granted the City's motion for summary judgment as to liability, (2) found Page guilty of operating an overweight vehicle in violation of the Ordinance, (3) ruled the City had no obligation to erect signs warning motorists of a local ordinance restricting vehicular road weight since the restriction was identical to the restriction imposed on the road by Illinois statute, and (4) fined Page $7,815 plus costs.

On appeal, Page argues (1) the Ordinance is unenforceable since no signs were posted giving reasonable notice of it; and (2) the trial court erred in imposing a fine on Page because neither party requested it to do so and a genuine issue of material fact remained as to the weight of Page's vehicle. We reverse.

## I. BACKGROUND

The record on appeal consists of the traffic citation issued to Page, the pleadings, and an agreed statement of facts submitted by the parties pursuant to Supreme Court Rule 323(d) (166 Ill. 2d R. 323(d)).

In October 2000, the City enacted the Ordinance, making it unlawful for any person to drive upon any street or highway located within the City when the weight of the vehicle being driven exceeded the weight limitations set forth in section 15—111(f) of the Vehicle Code. 625 ILCS 5/15—111(f) (West 2000). The weight limitations established by the Ordinance were the same as those established by the Vehicle Code.

In August 2001, Page was driving a 1992 International semi-tractor with a trailer on Pershing Road (also known as Illinois Route 121) located within the City. The City had no signs posted along Per-

shing Road giving notice of the Ordinance or its terms and provisions. A Decatur police officer pulled Page over and issued him a citation from the City for (1) unlawfully operating the 1992 International semi-tractor and trailer on Illinois Route 121, (2) violating the weight restrictions contained in the Ordinance, and (3) failing to have an oversize vehicle permit from the City. Page was given a document titled "ticket and complaint," as well as a notice to appear.

In October 2001, Page entered an appearance and pleaded not guilty to the violations alleged. Page claimed the Ordinance was invalid and unenforceable. In December 2001, Page filed a counterclaim for declaratory judgment requesting that the trial court determine the rights of each party relating to the validity and enforceability of the Ordinance. In January 2002, the City filed an answer to Page's counterclaim for declaratory judgment and denied the invalidity or unenforceability of the Ordinance.

On February 27, 2002, the City filed a motion for leave to file an amended complaint. The same day, the City filed an amended complaint specifying Page operated an overweight vehicle on 100 W. Pershing Road and on the 2200-2600 blocks of East Pershing Road. The City sent Page notice of a hearing on its motion for leave to amend the complaint, and an affidavit of service is included in the record. Page filed no answer to the City's amended complaint, and the record contains no docket entry or transcript verifying whether a hearing on the amended complaint was held.

On March 20, 2002, the City filed a motion for summary judgment as to liability. The City alleged the only dispute between the parties was whether the City was required under Illinois law to erect signs warning motorists of the Ordinance. The City claimed it had no duty to erect such signs. On May 7, 2002, Page filed his response to the City's motion and filed a motion for summary judgment as to liability on his counterclaim for declaratory judgment. Page alleged the Ordinance was unenforceable because no signs giving reasonable notice of the Ordinance were posted. Page also alleged the weight limitations imposed by the Ordinance were invalid. Page agreed with the City that the questions presented could be determined as a matter of law.

On May 17, 2002, the trial court ruled on the cross-motions for summary judgment. The court's docket entry order was not part of the common-law record, but the parties incorporated the docket entry into their agreed statement of facts. In the docket entry, the court determined that the only issue was whether the City was required to erect signs giving notice of the Ordinance. The court granted the City's motion for summary judgment as to liability and determined

section 15—316 of the Vehicle Code required a governmental entity to post signs on the roadway only if it *restricted* the use of the roadway to a weight less than that allowable under the Vehicle Code. 625 ILCS 5/15—316 (West 2000). The court reasoned that since (1) section 11—208(a)(7) of the Vehicle Code (625 ILCS 5/11—208(a)(7) (West 2000)) allowed the City to regulate the use of highways under its jurisdiction, and (2) the City's ordinance imposed a weight limitation identical to the limitation set forth in the Vehicle Code, the City had no obligation to erect signs. The court found Page violated the Ordinance and fined him as stated.

In late May 2002, Page filed a motion to reconsider challenging (1) the trial court's grant of summary judgment in favor of the City and (2) its imposition of a fine without first demanding strict proof of the amount by which Page's vehicle was overweight. In September 2002, the trial court heard arguments on Page's motion to reconsider and denied Page's motion to reconsider. The court's docket entry notes that Page requested the court to reconsider its May 2002 decision based on section 11—207 of the Vehicle Code (625 ILCS 5/11—207 (West 2000)). The court noted section 11—207 gives local municipalities the authority to adopt additional traffic regulations not in conflict with the Vehicle Code. The court interpreted the statute and commented, "any additional regulations by a municipality would require the posting of signs." The court determined the Ordinance imposed no *additional* traffic regulations because it was identical to the weight restrictions found in the Vehicle Code. The trial court also reaffirmed the fine and costs initially imposed. This appeal followed.

## II. ANALYSIS

On appeal, Page argues (1) the City cannot enforce the Ordinance prior to posting signs giving reasonable notice, and (2) the trial court erred in imposing a fine on Page because a genuine issue of material fact remained as to the actual weight of his vehicle.

Page first argues that although chapter 11 of the Vehicle Code allows a municipality to regulate the dimensions and weight of vehicles using the roadways within its jurisdiction (see 625 ILCS 5/11—208(a)(7) (West 2000)), the City's authority to regulate is conditioned upon its compliance with the terms in chapter 15 of the Vehicle Code. Page argues the Ordinance is unenforceable because the City failed to erect signs giving reasonable notice of the Ordinance as required in chapter 15 of the Vehicle Code. See 625 ILCS 5/15—316(c) (West 2000) (providing local authorities may impose weight limitations on trucks or other commercial vehicles but the limitations shall be designated by appropriate signs); 625 ILCS 5/11—208(b) (West 2000) (providing that

no ordinance enacted under subsection 11—208(a)(7) shall be effective until signs giving reasonable notice are posted).

The City counters that since the Ordinance enforced the weight limitations pronounced in section 15—111(f) of the Vehicle Code (625 ILCS 5/15—111(f) (West 2000)), it has not "limited, restricted, or prohibited vehicle traffic" within the meaning of the Vehicle Code and was under no obligation to erect signs to enforce the Ordinance. See also 625 ILCS 5/11—208(a)(7), (b) (West 2000) (providing local authorities may restrict highway use but shall enforce only after reasonable notice is given); 625 ILCS 5/15—316(c) (West 2000) (providing local authorities may prohibit the operation of, or impose limitations on, trucks or other commercial vehicles but the limitations shall be designated by signs).

■ The guiding principles of statutory construction are well settled. We may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims. *In re Marriage of Murphy*, 203 Ill. 2d 212, 219, 786 N.E.2d 132, 136 (2003). We are also guided by the presumption that the legislature did not intend an absurd or unjust result. *Murphy*, 203 Ill. 2d at 219, 786 N.E.2d at 132. The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *People v. Richardson*, 196 Ill. 2d 225, 228, 751 N.E.2d 1104, 1106 (2001). Legislative intent is best ascertained by examining the language of the statute itself. *People v. Robinson*, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996). Because the construction of a statute is a question of law, review is *de novo. Richardson*, 196 Ill. 2d at 228, 751 N.E.2d at 1106.

■ The State may assume complete control over the regulation of streets and highways, thus depriving municipalities of any power or authority over them (*City of Rockford v. Floyd*, 104 Ill. App. 2d 161, 165, 243 N.E.2d 837, 840 (1968)). Although, generally, a municipality is granted the power to regulate the use of its streets, "[t]he corporate authorities of each municipality may regulate the use of the streets and other municipal property" (65 ILCS 5/11—80—2 (West 2000)). However, a municipality's power to regulate the use of its streets is limited: "All provisions of [the Illinois Municipal] Code relating to the control of streets, alleys, sidewalks[,] and all other public ways are subject to the provisions of 'The Illinois Vehicle Code ***.' " 65 ILCS 5/11—80—1 (West 2000); see also 625 ILCS 5/11—208(a)(7) (West 2000) ("The provisions of [the Vehicle] Code shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of [their] police power from *** [r]estricting the use of highways as authorized in [c]hapter 15").

■ The Illinois Municipal Code (65 ILCS 5/1—1—1 *et seq.* (West 2000)) authorized the City to regulate the use of its streets subject to the provisions of the Vehicle Code. See 65 ILCS 5/11—80—2, 11—80—1 (West 2000). Section 11—207 of the Vehicle Code allows local authorities to adopt *additional traffic regulations so long as reasonable notice is given.* 625 ILCS 5/11—207 (West 2000). Further, section 15—316(c) allows local authorities to impose weight limitations on trucks or commercial vehicles traveling within their jurisdiction so long as the "prohibitions and limitations [are] *designated by appropriate signs* placed on such highways." (Emphasis added.) 625 ILCS 5/15—316(c) (West 2000). Therefore, to regulate overweight vehicles, the City was obligated to erect signs giving motorists notice. See *City of Crystal Lake v. Cunningham*, 52 Ill. App. 3d 819, 822, 368 N.E.2d 142, 144 (1977) (parking ordinance ineffective because local authority failed to post signs giving reasonable notice to motorists); *Summit Township Road District v. Hayes Freight Lines, Inc.*, 44 Ill. App. 2d 274, 278, 194 N.E.2d 682, 684 (1963) (local authority's weight restriction was valid because the local authority imposed the weight limitation by ordinance or resolution, and the weight limitation was designated by appropriate signs placed on the highways).

■ Statutory language must be given its plain and ordinary meaning, and where statutes are clear and unambiguous, we have *no* occasion to resort to aids of construction. *People v. Pullen*, 192 Ill. 2d 36, 42, 733 N.E.2d 1235, 1238 (2000). Where possible, we will adopt that construction that will give effect to every word, clause, and sentence, *i.e.*, we strive to read statutes so as not to render any portion inoperative or superfluous. *Kraft, Inc. v. Edgar*, 138 Ill. 2d 178, 189, 561 N.E.2d 656, 661 (1990).

■ In this case, the statutes prescribing how and when local authorities may act to regulate traffic dictate reasonable notice be given to motorists alerting them that the roadway's usage has been restricted. See 625 ILCS 5/11—207, 11—208(b), 15—316(c) (West 2000). The legislature has made clear that if a municipality wants to regulate traffic by ordinance, signs must be posted to make the ordinance enforceable. Therefore, until the legislature declares otherwise, to effectively regulate overweight vehicles the City is obligated to erect signs giving notice to motorists of its overweight vehicle ordinance.

Since we have found the ordinance generally unenforceable as to Page, we need not discuss whether the trial court's imposition of a fine was in error. *In re Marriage of Zuberbier*, 309 Ill. App. 3d 386, 388, 722 N.E.2d 323, 325 (1999) (reviewing courts should not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how the issues are decided).

## III. CONCLUSION

For the reasons stated, we reverse.

Reversed.

TURNER and STEIGMANN, JJ., concur.