No. 2--04--1032

____________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

THE VILLAGE OF NORTH AURORA, ) Appeal from the Circuit Court

) of Kane County.

Plaintiff-Appellant, )

)

v. ) No. 04--TR--51822

)

WILLIAM L. ANKER, JR., ) Honorable

) William P. Brady,

Defendant-Appellee. ) Judge, Presiding.

______________________________________________________________________________

JUSTICE CALLUM delivered the opinion of the court:

Plaintiff, the Village of North Aurora (Village), charged defendant, William L. Anker, Jr., with violating the Village's vehicle-weight ordinance, which adopts section 15--111(b) of the Illinois Vehicle Code (Code) (625 ILCS 5/15--111(b) (West 2002)).  Relying on 
City of Decatur v. Page
, 339 Ill. App. 3d 316 (2003), the trial court ruled that the ordinance was unenforceable because, in violation of several sections of the Code, the Village did not post notice of it.  Without deciding whether defendant violated the ordinance, the court acquitted him.

The Village appeals, contending that, because the ordinance merely adopts existing state law, the Village may enforce it without posting notice.  The Illinois Municipal League (League), as 
amicus curiae
, has filed a brief supporting the Village.  We agree with the Village and the League that the ordinance is enforceable without further notice, and, insofar as 
Page
 compels a different result, we decline to follow that opinion.  We reverse the judgment and remand the cause so that the trial court may resolve the remaining issues and enter a judgment on the merits.

The facts, as gleaned from the common-law record and the certified bystander's report, are as follows.  On June 25, 2004, defendant was driving his tractor west on Oak Street near Acorn Drive.  Oak Street near Acorn Drive is a nondesignated highway (see 625 ILCS 5/1--126.1(d) (West 2002)).  Officer Dan Cyko cited defendant for violating "I.V.C. 625 ILCS 5/:  ** 15--111(b)."  At trial, Cyko testified for the Village that he was responsible for "truck enforcement" and had not issued a permit for defendant's vehicle.  Using portable scales, Cyko found that the tractor's gross weight was 160,950 pounds.  Under the ordinance, as under section 15--111(b) of the Code, a truck the length of defendant's, when driven on a nondesignated highway, may weigh no more than 73,280 pounds.  No weight-limit signs were posted on westbound Oak Street at Acorn Drive.

Defendant presented no evidence.  He argued that, under 
Page
, the ordinance was unenforceable against him because he had received no notice of it.  The trial court agreed and found defendant not guilty.  The court declined to decide any other issues that defendant raised, 
i.e.
, whether the scales that Cyko used were properly certified and whether defendant's vehicle had pneumatic tires.  The Village appealed, and the League filed an 
amicus
 brief in its support.  For convenience, we attribute to the Village any arguments raised by either the Village or the League.

The Village argues that it may enforce the ordinance even without posting notice of it.  The Village observes that, if an ordinance's restrictions and penalties are already in force under the Code, and thus matters of public record, then people necessarily already have fair warning of the obligations that they have under the ordinance.  The Village contends generally that requiring municipalities to post notice of ordinances that merely adopt existing statewide laws serves no public purpose while severely burdening local governments, an absurd result that the legislature could not have intended.  Recognizing that the trial court relied on 
Page
, the Village asserts that 
Page
 erred in concluding that sections 11--207, 11--208(b), and 15--316(c) of the Code (625 ILCS 5/11--207, 11--208(b), 15--316(b) (West 2002)) apply to municipal ordinances that merely adopt provisions of the Code.  Also, the Village contends that section 15--316(c) does not apply here because it governs only designated highways, such as the one in 
Page
.

To help frame the issues, we summarize 
Page
.  There, the defendant was charged with violating a vehicle-weight ordinance that adopted section 15--111(f) of the Code (625 ILCS 5/15--111(f) (West 2000)).  Section 15--111(f) applied (as it does now) to designated highways but not nondesignated highways.  625 ILCS 5/15--111(f) (West 2000).  The defendant had been driving on a designated highway where no signs provided notice of the ordinance.  The trial court convicted him, but the appellate court reversed.  It relied on sections 11--207, 11--208(b) (in conjunction with section 11--208(a)(7) (625 ILCS 5/11--208(a)(7) (West 2000)), and 15--316(c) of the Code.

Section 11--207 provided (as it does now):

"The provisions of this Chapter shall be applicable and uniform throughout this State and in all political subdivisions and municipalities therein, and no local authority shall enact or enforce any ordinance[,] rule or regulation in conflict with the provisions of this Chapter unless expressly authorized herein.  Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this Chapter, but such regulations shall not be effective until signs giving reasonable notice thereof are posted."  625 ILCS 5/11--207 (West 2000). .

Section 15--316(c) provided (as it does now):

"Local authorities and road district highway commissioners with respect to highways under their jurisdiction may ***, by ordinance or resolution, prohibit the operation of trucks or other commercial vehicles, or may impose limitations as [
sic
] the weight thereof, on designated highways, which prohibitions and limitations shall be designated by appropriate signs placed on such highways."  625 ILCS 5/15--316(c) (West 2000).

Sections 11--208(a)(7) and 11--208(b) provided (as they do now):

"(a)  The provisions of this Code shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:

* * *

(7) Restricting the use of highways as authorized in Chapter 15;

* * *

 (b) No ordinance or regulation enacted under subsections 1, 4, 5, 6, 7, 9, 10, 11 or 13 of paragraph (a) shall be effective until signs giving reasonable notice of such local traffic regulations are posted."  625 ILCS 5/11--208(a)(7), (b) (West 2000).

Page
 held that these provisions required the city to post notice of the ordinance.  The court summarily rejected the contention that, because the ordinance merely adopted weight limits already in force under the Code, it imposed no "additional *** regulations" (625 ILCS 5/11--207, 11--208(a) (West 2000)) or "limitations" (625 ILCS 5/15--316(c) (West 2000)).  
Page
, 339 Ill. App. 3d at 319, 321.

Here, the Village contends that sections 11--207, 11--208(b), and 15--316(c) of the Code do not require the Village to post notice of its truck-weight ordinance.  The Village relies not only on its construction of these provisions but on section 20--204 of the Code (625 ILCS 5/20--204 (West 2002)). (Section 20--204, we note, was not mentioned in 
Page
.)  It states, "The corporate authorities of a municipality may adopt all or any portion of this Illinois Vehicle Code by reference."  625 ILCS 5/20--204 (West 2002).  The Village notes that section 20--204 empowers it to adopt section 15--111(b) of the Code but does not require it to post notice before doing so.  According to the Village, no other Code provision imposes such an obligation.

To resolve this appeal, we must construe several portions of the Code.  Statutory construction raises issues of law that we review 
de novo
.  
In re Estate of Dierkes
, 191 Ill. 2d 326, 330 (2000).  Our overriding goal is to ascertain the legislature's intent.  
Garcia v. Nelson
, 326 Ill. App. 3d 33, 38 (2001).  Ordinarily, the statutory language itself is the best indicator of intent, and, if the language is unambiguous, we must follow it.  
Garcia
, 326 Ill. App. 3d at 38.  To resolve ambiguities, we may consider the statute's purposes.  
Garcia
, 326 Ill. App. 3d at 38.  A statute must be construed as a whole.  
People ex rel. Ryan v. Agpro, Inc.
, 214 Ill. 2d 222, 228 (2005).  Thus, we interpret words and phrases not in isolation but in light of other relevant provisions.  
In re Application of County Treasurer
, 214 Ill. 2d 253, 258 (2005).  We presume that the legislature did not intend absurdity, inconvenience, or injustice.  
Application of County Treasurer
, 214 Ill. 2d at 259.

The principle that statutory provisions must not be construed in isolation is particularly pertinent here, as we consider separate yet interrelated sections of the Code, a comprehensive scheme for the regulation of motor vehicles and motor vehicle traffic.  The Code is a "mighty maze, but [perhaps] not without a plan."  A. Pope, An Essay on Man, Epistle 1, l.1 (1733-34), 
in
 Bartlett's Familiar Quotations 301 (J. Kaplan, ed., 16th ed. 1992).  The same may be said of the Code's provisions allocating the  power to regulate vehicle weights.  We agree with the Village that the place to start exploring the legislative labyrinth is section 20--204 of the Code, which broadly grants localities the authority to "adopt all or any portion of this *** Code by reference."  625 ILCS 5/20--204 (West 2002).  This grant is unqualified by any requirement that municipalities provide notice when they adopt some or all of the Code by reference.  While this consideration is not conclusive by itself, the legislature could easily have imposed such a requirement.  Therefore, we believe that the onus is on those challenging the enforcement of ordinances that adopt part or all of the Code to point us to provisions of the Code that clearly require the posting of notice.

Relying on 
Page
, defendant contends that several provisions of the Code do impose such an obligation on the Village.  The first is section 15--316(c).  Defendant maintains that its plain language requires the Village to post reasonable notice of the ordinance.  However, as the Village notes, this section applies only when municipalities "prohibit the operation of trucks or other commercial vehicles, or *** impose limitations as [
sic
] the weight thereof, on 
designated highways
."  (Emphasis added.)  625 ILCS 5/15--316(c) (West 2002).  This notice requirement is unambiguously limited to designated highways.  While section 15--316(c) arguably applied in 
Page
, it is irrelevant here.

The Village asserts that section 15--316(c) is inapplicable here not only because defendant was driving on a nondesignated highway but also because an ordinance that merely adopts vehicle-weight limitations already in force statewide under the Code does not "
impose limitations
 as [
sic
] the weight thereof" (emphasis added) (625 ILCS 5/15--316(c) (West 2002)). Because this case involves a nondesignated highway, to which section 15--316(c) plainly does not apply, we need not decide whether the Village's construction of the quoted language is correct.
(footnote: 1)

We turn next to section 11--207 of the Code, which states that the provisions of "this Chapter" shall be uniform statewide and that "[l]ocal authorities may *** adopt additional traffic regulations which are not in conflict with the provisions of this Chapter, but such regulations shall not be effective until signs giving reasonable notice thereof are posted."  625 ILCS 5/11--207 (West 2002).  With essentially no explanation, 
Page
 held that this language required the city there to post notice of an ordinance that adopted the vehicle-weight limits of section 15--111(f) of the Code.  
Page
, 339 Ill. App. 3d at 321.
(footnote: 2)  The Village contends that 
Page
 erred in relying on this section
.  We agree.   Chapter 11 is separate from Chapter 20, which contains section 20--204's broad grant of power allowing local authorities to adopt any or all of the Code, and Chapter 15, which is specifically concerned with vehicle weight and size limits.  Section 11--207 speaks specifically of "this Chapter," 
i.e.
, Chapter 11 of the Code.  See 
Village of Mundelein v. Franco
, 317 Ill. App. 3d 512, 520 (2000). Absent a clear indication otherwise, we are reluctant to conclude that the legislature intended a general provision in Chapter 11 to restrict local authorities' ability to enforce ordinances that are authorized by section 20--204 and relate to the subject matter of Chapter 15.

We recognize that Chapter 11 conceivably could be read to pack such an unexpected wallop.  It states broadly that local authorities may adopt "
additional traffic regulations
 which are not in conflict with the provisions of this Chapter" (emphasis added) (625 ILCS 5/11--207 (West 2002)), as long as they post reasonable notice of such regulations.  However, to hold that this general language requires the posting of notice any time a municipality adopts a provision of Chapter 15 simply does not follow.  An ordinance that merely adopts an existing statewide regulation, with no new obligations or penalties, is not an 
additional
 traffic regulation.  Also, a broad reading of section 11--207 would require a local authority to post notice of an ordinance that involves matters that are wholly outside the scope of Chapter 11.  Such an ordinance is almost surely "not in conflict" with anything in Chapter 11.  Yet a broad reading of section 11--207 would require posting notice in order to enforce the ordinance. We doubt that the legislature intended such an odd result.  Therefore, we conclude that, at most, section 11--207 alerts us to the possibility that other provisions in Chapter 11 do apply to ordinances that adopt part or all of the Code.

The only such provision in Chapter 11 is section 11--208(b), on which 
Page
 relied in part.  Section 11--208(b) qualifies section 11--208(a), which, as pertinent here, states that the Code shall not be deemed to prevent local authorities from "[r]estricting the use of highways as authorized in Chapter 15."  625 ILCS 5/11--208(a)(7) (West 2002).  However, under section 11--208(b), any regulation enacted under section 11--208(a)(7) is not effective until the local authority posts signs giving reasonable notice of the regulation.  The Village contends that section 11--208(b) does not apply to its ordinance adopting section 15--111(b) of the Code.  For the following reasons, we agree.

First, we observe that section 11--208(a)(7) allows local authorities to "[
r]estrict
[] the use of highways 
as authorized in Chapter 15
."  (Emphasis added.)  625 ILCS 5/11--208(a)(7) (West 2002).  We agree with the Village that its ordinance does not 
restrict
 the use of the highways, but merely adopts the restrictions already in force statewide under section 15--111(b) of the Code.  Also, because Chapter 15 itself does not authorize the Village to impose the restriction here, the Village's authority to pass the ordinance derives from section 20--204 of the Code, not from Chapter 15 itself.  By way of contrast, an ordinance that, because of "deterioration, rain, snow, or other climate conditions," bars vehicles of certain weights from local highways (625 ILCS 5/15--316(a) (West 2000)) is clearly an example of a regulation that restricts the use of the highways as authorized in Chapter 15.  Such an ordinance may impose vehicle-weight limits more severe than those that are already in place statewide, and the local authorities' power to do so plainly derives from Chapter 15 and not at all from section 20--204.

Second, we observe (as does the Village) that section 15--111(b) itself does not require a local authority to post any notice in order to enforce section 15--111(b)'s restrictions via ordinance.  The significance of this omission appears when we examine section 15--111(f), which states that local authorities may "allow the weight limitations of this subsection *** on designated highways when appropriate regulatory signs giving notice are erected upon the street or highway or portion of any street or highway affected."  625 ILCS 5/15--111(f) (West 2000).  The legislature decided to require the posting of notice of ordinances that adopt section 15--111(f), which limits vehicle weights on designated highways and those highways in the national highway system, but not to impose any such requirement for ordinances adopting section 15--111(b), which applies only to nondesignated highways.  We cannot sensibly conclude that the legislature crafted this clear distinction between types of ordinances yet elected to have this differential standard obliterated by more general provisions elsewhere in the Code.  Not only would such a construction render parts of section 15--111 superfluous, but it would disregard the principle of construction that, when a specific statutory provision and a more general one address the same subject, the specific provision controls.  
Mattis v. State Universities Retirement System
, 212 Ill. 2d 58, 77 (2004).

Third, we agree with the Village that imposing a general notice requirement for ordinances that merely adopt section 15--111(b) would lead to a result that, if not absurd, is at least bound to produce considerable inconvenience (see 
Application of County Treasurer
, 214 Ill. 2d at 259).  The legislature's decision to include a specific notice requirement in section 15--111(f), but not in section 15--111(b), appears to recognize this problem, albeit implicitly.  Section 15--111(f) applies to designated highways and those in the national system.  Designated highways include interstate highways (see 625 ILCS 5/1--126.1(a) (West 2002)), "major arterials not built to interstate highway standards that have at least 11 feet lane widths" (625 ILCS 5/1--126.1(b) (West 2002)), and "State highways that have lane widths of less than 11 feet" (625 ILCS 5/1--126.1(c) (West 2002)).  Nondesignated highways are primarily a residual category consisting of local highways and state highways that do not qualify as designated highways (625 ILCS 5/1--126.1(d) (West 2002)).

Because designated highways are relatively few but also relatively substantial, they are likely to absorb the bulk of truck traffic, especially in interstate commerce.  We can understand why, for those highways, the legislature would require special notice of local vehicle-weight regulations, even if these regulations merely duplicate those already in the Code.  On the other hand, nondesignated highways are relatively small, relatively limited in the type of traffic that they absorb, and far more numerous. We agree with the Village that to require local authorities to post notice of ordinances that merely duplicate existing statewide vehicle-weight regulations applying to nondesignated highways could saddle localities with a considerable practical and financial burden.  In return, the public would receive only the benefit of knowing that localities, as opposed to the State, may enforce obligations of which the Code already provides notice.  Such a legislative scheme is not inconceivable.  However, we decline to tease one out of the Code when the legislature could have created such a regime quite plainly but conspicuously refused to do so.

Defendant contends last that, even if we reject the trial court's construction of the Code, we may affirm the judgment on other grounds.  He maintains that the Village failed to prove (1) that his truck had pneumatic tires (see 625 ILCS 5/15--111(a), (b) (West 2002)) or (2) that the scales that Officer Cyko used to weigh defendant's vehicle were properly tested and certified.  We believe that defendant is mistaken in asserting that proof that the scales were properly tested and certified is necessary for the Village to prevail, at least where the vehicle's weight exceeds the statutory limit by as much as appears to have been the case here.  See 
Village of Kildeer v. LaRocco
, 237 Ill. App. 3d 208, 212-13 (1992); 
People v. Jackson
, 98 Ill. App. 3d 418, 422 (1981); 
People v. Fair
, 61 Ill. App. 2d 360, 367-68 (1965).  Equally important, resolving factual disputes is the prerogative of the trial court, not this court.  
People v. Thompson
, 283 Ill. App. 3d 796, 802-03 (1996); 
Shaw v. Lund
, 84 Ill. App. 3d 771, 774 (1980).  It is the duty of the trial court to weigh the evidence.  
American Food Management, Inc. v. Henson
, 105 Ill. App. 3d 141, 147 (1982).  Even with a more complete record of the trial evidence, we would not usurp the trial court's prerogative.  Instead of deciding the disputed factual issues and entering judgment accordingly, we remand the cause for the trial court to do so.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded.

Reversed and remanded.

O'MALLEY, P.J., and BYRNE, J., concur.

FOOTNOTES
1:
1
In 
Page
, which did involve a designated highway, the court held that an ordinance that adopted section 15--111(f) of the Code (625 ILCS 5/15–111(f) (West 2000)) did "impose limitations" (625 ILCS 5/15--316(c) (West 2000)) on vehicle weights and thus required the posting of notice.  While we need not decide whether 
Page
's construction of "impose limitations" is correct, we note that 
Page
's reliance on section 15--316(c) appears to have been unnecessary.  Section 15--111(f) itself specifically provided (and does now
) that local authorities "may also by ordinance or resolution allow the weight limitations of this subsection *** on designated highways when appropriate regulatory signs giving notice are erected upon the street or highway or portion of any street or highway affected by the ordinance or resolution."  625 ILCS 5/15--111(f) (West 2002).  Thus, the notice requirement that the 
Page
 court discerned in section 15--316(c) already existed in section 15--111(f).  If anything, this shows that the legislature did 
not
 intend section 15--316(c) to apply to an ordinance that merely adopts section 15--111(f).  Otherwise, the notice requirement in section 15--111(f) would be needless, and, ordinarily, we presume that the legislature did not intend part of a statute to be superfluous. 
Raintree Homes, Inc. v. Village of Long Grove
, 209 Ill. 2d 248, 256 (2004).

Conceivably, by permitting local authorities to "allow the weight limitations" (625 ILCS 5/15--111(f) (West 2002)) of section 15--111(f), the legislature intended to enable localities to allow 
vehicles
 to 
exceed
 the weight limitations of section 15--111(f).  Although this would seem an odd choice of words, it is unusual to speak of a municipality ever "allowing" a restriction, as opposed to "enforcing" or "imposing" one.  Perhaps the legislature will clarify the intent behind its curious syntax.

2:
2
Again, because section 15--111(f) already required a local authority to post notice of an ordinance that "allows" that section's weight limitations, it appears that 
Page
 did not need to rely on the more general language of section 11--207 to impose such a requirement.